Ellis v. Flaherty.

---

## S. W. Ellis v. Ellen Flaherty *et al.*
### No. 12,654.   ( 70 Pac. 586.)

#### SYLLABUS BY THE· COURT.

PRACTICE, DISTRICT COURT— *Tort Pleaded and Contract Proved.* Where the pleading of the plaintiff states a cause of action in tort and entirely fails to state any facts sounding in contract, and the evidence of the plaintiff wholly fails to prove the alleged tort, but does tend to prove a right of action on contract, the court should sustain a demurrer to the evidence.

Error from Nemaha district court; W. I. STUART, judge. Opinion filed November 8, 1902. Reversed.

*Crane & Woodburn*, for plaintiff in error.

*Redden, McKeever & Hayden*, for defendant in error Ellen Flaherty.

· The opinion of the court was delivered by

GREENE, J. : The defendant in error Ellen Flaherty sued George Flaherty and plaintiff in error in conversion before a justice of the peace of Nemaha county.

The bill of particulars alleged: "The plaintiff, Ellen Flaherty, complains of defendants, S. W. Ellis and George Flaherty, and says that on or about the 18th day of May, 1900, she was the owner of twenty-six hogs, of the value of $206.45; that on said date said defendants, S. W. Ellis and George Flaherty, converted the same to their own use," etc. Judgment was asked for their value, with interest from the date of the alleged conversion. George Flaherty and plaintiff below were brother and sister, living together on a farm in Nemaha county. The defendant Ellis resided in Pottawatomie county. Service was had on Flaherty in Nemaha county, and, by reason of the alleged joint liability, summons was issued to, and served on, Ellis in Pottawatomie county. Judgment was rendered by the justice of the peace against Ellis and George Flaherty, from which Ellis appealed to the district court. Judgment was rendered against Ellis in the district court, to reverse which he prosecutes this proceeding.

The defendant below introduced no evidence at the trial of the cause in the district court, and the only evidence offered by plaintiff below was the testimony of herself and George Flaherty. At the conclusion of her testimony, the defendant, Ellis, demurred to the evidence, which demurrer was overruled. It appears conclusively from the evidence that the defendants below, neither jointly nor severally, were guilty of conversion. George Flaherty sold the hogs in question to Ellis with the knowledge and consent of Ellen Flaherty. The undisputed evidence was that prior to this time he had been in the habit of transacting such business for his sister, and that in this particular transaction he was acting for her, with her knowl-

edge and consent. The jury returned special findings of fact, among which were the following:

"2. Ques. In the sale and delivery of the hogs in question in this action, did George Flaherty act for himself, or as agent for Ellen Flaherty? Ans. For Ellen Flaherty."

"4. Q. Were the hogs sold and delivered to S. W. Ellis? A. Yes."

"6. Q. Did plaintiff consent that the hogs should be sold to S. W. Ellis? A. Yes.

"7. Q. Did the agent act in accordance with his authority in the matter? A. Yes.

"7½. Q. Did the defendant George Flaherty convert any of the hogs to his own use? A. No.

"8. Q. Did he deliver all the hogs to S. W. Ellis? A. Yes.

"9. Q. Was he authorized by plaintiff to do so? A. Yes."

"13. Q. Did S. W. Ellis take the hogs in question from plaintiff without her consent? A. No.

"14. Q. Has the plaintiff ever demanded the hogs of S. W. Ellis? A. No."

In the absence of any evidence tending to establish conversion, the court should have sustained the demurrer and rendered a judgment for defendant, Ellis.

It is urged here, however, that it is a rule of practice recognized by this court that, where the variance between the petition and the facts proved is such that an amendment to the petition ought to be allowed, to conform to the facts proved, the judgment will not be reversed on account of such variance. The rule was stated thus in *Jung v. Liebert*, 44 Kan. 304, 24 Pac. 474:

"Where there is a variance between the allegations of a bill of particulars and the facts proved and specially found by the jury on the trial, yet, if it be a case where an amendment to a bill of particulars ought to be allowed, to conform it to the facts proved and found, the judgment in favor of the plaintiff will

not be reversed on account of the variance, if no substantial rights of the defendant have been prejudiced."

We think, however, in this case, that no amendment ought to have been allowed. Conceding that the facts proved established a right of recovery in contract, we have no precedent authorizing an amendment of the petition in tort to one on contract. The evidence tending to support the one will not support the other. While one whose property has been converted may waive the tort and sue on what the law determines to be an implied contract, if, however, he elects to sue in tort, he may not thereafter, and upon the trial, amend his petition or pleading so as to set up a cause of action on contract. This is not an amendment; it is a substitution of one cause of action for another and entirely different cause of action. Section 139 of the code (Gen. Stat. 1901, § 4573) provides for the amendment of pleadings to conform to the facts proved, when such amendment does not change substantially the claim or defense, but it nowhere authorizes by way of amendment the substitution of one cause for another.

In *Culp v. Steere*, 47 Kan. 746, 751, 28 Pac. 987, 989, this court used this language: "The statute does not provide that the amendment shall not change the form of the action or cause of action, but it simply provides that the amendment shall not 'change substantially the claim or defense.'" If it was intended by this language to make a distinction between the cause of action pleaded and the claim of the plaintiff, it is disapproved. The word "claim" as therein used is synonymous with "cause of action."

It was said in *Degraw v. Elmore*, 50 N. Y. 1: "The code does not authorize a recovery where the complaint alleges facts showing a cause of action in tort

by proving upon the trial a cause of action in contract." Again, in *Neudecker v. Kohlberg et al.*, 81 N. Y. 296, 297, it was said : "Where a complaint states a cause of action *ex delicto*, it is not competent at the trial to convert it into one *ex contractu.*" This position is well. fortified by authority. ( *Givens v. Wheeler, Adm'r*, 6 Colo. 149 ; *Lumpkin v. Collier*, 69 Mo. 170 ; *The People v. The Circuit Judge*, 13 Mich. 206 ; *Ross v. Mather*, 51 N. Y. 108, 10 Am. Rep. 562.)

The plaintiff having wholly failed to prove a cause of action in tort, the bill. of particulars was not amendable to convert her action into one on contract. The demurrer to the evidence should have been sustained.

The judgment of the court below is reversed and the cause remanded, with instructions to sustain the demurrer to the evidence.

All the Justices concurring.