[No. 1507, June 7, 1913.]

LORETTO LITERARY SOCIETY, Appellee, v. MELITON GARCIA et al., Appellants.

### SYLLABUS (BY THE COURT)

1. In permitting amendments, upon the trial, the Court is limited by sub-sec. 82 of the Civil Code to such amendments as do not change "substantially the claim or defense." Held that the trial court was without authority, in an action in ejectment, to permit the filing of a trial amendment for specific performance of a contract to convey real estate, as such amendment introduced a new cause of action.

P. 324

Appeal from the District Court of Sandoval County; Herbert F. Raynolds, District Judge.

Literary Soc. v. Garcia, 18 N. M. 318.

FELIX H. LESTER (deceased) ; N. B. FIELD, Albuquerque, N. M., for appellants.

Court erred in failing to grant defendant's motion for judgment, when plaintiff rested, having failed to prove its title to the property. C. L. 1897, sec. 3950; not repealed until 1901; Laws 1901, ch. 62, secs. 5, 6, and 32.

It was an abuse of discretion by the Court to permit plaintiff to file its amended complaint. C. L. 1897, sec. 2685, sub-sec. 82; Louisville & N. R. Co. v. Pointer's Admr., 69 S. W. 1108, 1110; Shields, et al., v. Barrow, 17 How. 130; Bird v. Stout, 40 W. Va. 43, 20 S. E. 852; Edgell v. Smith, 40 S. E .402; Maynard v. Green, 30 Fed. 643; 31 Cyc. 409, 412; Snead v. McCoual, et al., 12 How. 407; Walden v. Boadley, et al., 14 Peters 156; Carter v. Dilley, 167 Mo. 564, 67 S. W. 232; Enc. Pl. & Pr., vol. 1, p. 548, et seq.; Daw v. Jewel, 45 Am. Dec. 371; Carmichael v. Argard, 52 Wis. 607, 9 N. W. 470; Lawe v. Hyde, 39 Wis. 345; Johnson v. Filkington, 62 Wis. 67; Lane v. Cameron, 38 Wis. 603; Supervisors v. Decker, 34 Wis. 378; Lackner v. Turnbull, 7 Wis. 205; Newton v. Allis, 12 Wis. 378; 31 Cyc. 411, 414; City of Columbus v. Anglin, 48 S. E. 318, 321; Maxwell v. Harrison, 52 Am. Dec. 385; Fletcher's Equity Pl. & Pr., 416, and note.

Payment of the purchase price is not sufficient part performance to take an oral contract for the sale of real estate out of the statute o ffrauds. Forrester v. Flores, 28 Pac. 107; Purcell v. Minor, 4 Wall. 513; Williams v. Morris, 95 U. S. 444; Duff v. Hopkins, 33 Fed. 599-607.

Mere holding over by a tenant after the expiration of his lease is not part performance to take the case out of the statute. Koch v. National B. & E. Ass., 107 Ill. 497, 27 N. E. 530; Green v. Groves, 109 Ind. 519, 10 N. E. 401; Emmel v. Hayes, 102 Mo. 186; Brady v. Brady, 7 Pa. St. 157; Cristy v. Barnhart, 14 Pa. St. 260; Swale v. Jackson, 126 Ind. 282.

Court erred in refusing to sustain plaintiff's motion to strike out a portion of paragraph 3 of the amended complaint. Lynch v. Grayson, 5 N. M. 488.

Court erred in refusing to allow defendants to withdraw

their answer and to be permitted to file their demurrer to the amended complaint. 31 Cyc. 276; Rothwell v. Denver U. Stockyard Co., 90 Pac. 1127; Marion v. Clise, 21 Pac. 909; Foothaker v. City of Boulder, 22 Pac. 469; Bijou Co. v. Lehmann, 43 So. 632; Kelly v. Strouse, 43 S. E. 280; Harvey v. Hackney, 14 S. E. 822.

FRANK W. CLANCY, MARCOS C. DE BACA, for appellee.

No valid objection can be found as to the amended complaint. C. L. 1897, 2685, sub-sec. 33; Ffister v. Dascey, 65 Cal. 403, 405; Bidwell v. Insurance Co., 16 N. Y. 263, 267; Water Co. v. Flume Co., 108 Cal. 549; Tootle v. Kent., 12 Okla., 674, 681, et seq. and cases cited.

*Motion and Argument for Rehearing (Appellees.)*

Defendants waived their objections to the amended complaint by filing an answer to it. Hudson v. Cahoon, 193 Mo. 547, 556-7-8-; Hendricks v. Calloway, 211 Mo. 536, 557; Hubbard v. Slavens, 218 Mo. 598, 616-7; White v. Railroad, 202 Mo. 539, 561-2; Campbell v. Wilcox, 10 Wall. 421; Beattie Mfg. Co. v. Gerardi, 65 S. W. 1035-1037; Scovill v. Glasner, 79 Mo. 449, 454-5; Curtis v. Bachman, 84 Ga. 218.

Amendment to the complaint was a proper one. Steele v. Brazier, 123 S. W. 477-482; Courtney v. Blackwell, 150 Mo. 245, 271-2; Erskine v. Markham, 66 S. E. 286; Booth v. Langley Co., 51 S. C. 412, 417-8; Birt v. Southern Railway Co., 69 S. E. 233; Gannon v. Moore, 104 S. W. 139; Duckwall v. Brooke, 65 S. W. 357; Ins. Co. v. Strain, 70 S. W. 274; Adams Oil Co. v. Christmas, 101 Ky. 564; Young v. McIllhenny, 116 S. W. 728; Stone v. Trust Co., 130 S. W. 825; Lottman v. Barnett, 62 Mo. 159; Newman v. Insurance Association, 76 Ia. 56; Cox Shoe Co. v. Adams, 105 Ia. 402; Henson v. Cline, 118 N. W. 754; Barnes v. Hekla Ins. Co., 75 Ia. 11; Snider v. Windsor, 93 Pac. 600; Hopkinson v. Conley, 88 Pac. 550; Railway Co. v. Ludlum, 63 Kans. 719; Craven v. Russell, 118 N. C. 564; Russell v. Denson, 54 So. 439; Rochester Borough v. Kennedy, 78 Atl. 133; Hoboken v. Gear, 27 N. J. L. 265; Miller v. Railroad Co., 70 Atl. 175; McCandless v.

Inland Acid Co., 42 S. E. 449; Pavloski v Klassing, 68
S. E. 511; Craven v. Walker, 101 Ga. 845.

The code, taken as a whole, makes such an amendment
as the one in the present case admissible and proper. Code
Civ. Pro. N. M. (1897), secs. 33, 44, 63, 68, 28, 82, 85,
86, 94; Erskine v. Markhama, 66 S. E. 286; Hoboken v.
Gear, 27 N. J. L. 265; Hopkinson v. Conley. 88 Pac. 550;
Courtney v. Blackwell, 150 Mo. 245; Young v. McIll-
henny, 116 S. W. 728.

## OPINION OF THE COURT.

ROBERTS, C. J.—The original complaint in this case
contained the ordinary allegations of a suit in ejectment;
plaintiff alleging, among other things, that it was the
owner and seized in fee of the property therein described.
After the evidence was all adduced, appellee filed a trial
amendment, by leave of Court, over appellant's objection,
retaining all the original complaint and adding thereto
paragraphs 3, 4 and 5, in which it alleged in substance
that the deed from Barbara Leal de Garcia to Barbara
Aragon de Montoya, upon which it relied to prove its
title, was void because the husband failed to sign it, but
claiming that plaintiff was entitled to a deed for the
premises in question from the appellants, by virtue of a
contract made between them and Mrs. Montoya, by which
they agreed to deed her the property for six hundred dol-
lars, which she had paid them, and praying that appellants
be compelled to execute a deed to appellant for the prem-
ises, and that it be given a judgment for the possession
of the same.   By the trial amendment filed, it appears
that appellee sought to set up facts entitling it to specific
performance of an oral contract to convey real estate, and
to secure such relief, by trial amendment to a complaint
in an ejectment suit.   The question presented is as to the
power of the trial Court to permit such an amendment
upon the trial of the case, over objection timely interposed.
The solution of the question depends upon the proper con-
struction of sub-sec. 82 of sec. 2685, C. L. 1897, which
reads as follows:

"The Court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations, material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

It will be observed that the section quoted limits the power of the Court to permit a trial amendment, to such an amendment as "does not change substantially the claim or defense." In the case of Ellis v. Flaherty, 70 Pac. 586, the Supreme Court of Kansas construed the word "claim" in a code provision, apparently identical with sub-sec. 82, supra, and held that, "The word 'claim,' as therein used, was synonymous with 'cause of action.' " This being accepted as a correct interpretation of the meaning of the word, it necessarily follows that the trial Court is only authorized to permit such an amendment upon the trial of the cause "by conforming the pleadings or proceedings to the facts proved," as does not introduce a new cause of action or substantially change the cause of action upon trial. This being true, it would follow that if the facts herein alleged, in the amendment offered, constituted a new cause of action, the Court erred in permitting it to be filed, for it is uniformly held that no amendment of a complaint can be allowed upon the trial, which introduces into the case a new cause of action. Patrick v. Whitley, 75 Ark. 465, and see note to case in 5 A. & E. Ann. Cas. 672, where the authorities are collected.

In support of the right to file the trial amendment, the appellee relies upon the case of Pfister v. Dascey, 65 Cal. 403, and similar cases holding that,

"All the matters complained of related to the same property, were parts of one design to defraud, and affected all the parties who defended the action. Under these circumstances, we see no reason why an action to set

aside the conveyances averred to be fraudulent, and to re-
cover possession of the land to which such conveyances re-
lated, should not be prosecuted in the same motion.    This
is certainly permissible under our system.    Resort has
been frequently had to such procedure in cases of mines
where an action to enjoin the working of the mines, and
to recover possession of them, have been joined." Other
cases upon which it relies are, Bidwell v. Insurance Co.,
16 N. Y. 263; Water Co. v. Flume Co., 108 Cal. 549;
Tottle v. Kent, 12 Okla. 674.    We have examined all these
cases, and find that they deal with joinder of causes of
action in the same complaint, and not with the power of
the Court to permit the introduction of a new and differ-
ent cause of action upon the trial by amendment.    They
are all based upon code provisions, similar to sub-sec. 33
of the New Mexico Code of Civil Procedure, which is as
follows:

"The plaintiff may unite in the same complaint several
causes of action, whether they be such as have been here-
tofore denominated legal or equitable, or both, where they
all arise out of:

"First, the same transaction or transactions connected
with the same subject of action."

By this provision it will be observed that the law-mak-
ing power recognized that several causes of action might
arise out of the "same transaction or transactions con-
nected with the same subject of action," and that such
causes of action could all be joined in the same complaint.
Under this provision of the code, undoubtedly the facts
set forth in the amendment in this case could have been
joined with the possessory action originally, for, the sub-
ject of the action in the possessory action was the land and
the plaintiff's title taken together, and any transaction
connected with either the land or the title would be con-
nected with the subject of action.

McArthur v. Moffett, 146 Wis. 564; 33 L. R. A. (N. S.)
264.    In the case last cited, which is perhaps the best
reasoned case that can be found on the proper construction
of the code provision last quoted, the Court held that a

statutory action to quiet title and a common law action to recover damages for trespass upon the property involved, could be joined under the statute permitting the joinder of causes of action which arose out of transactions connected with the same cause of action. In that case, however, the Court recognizes that two causes of action exist, for it says:

"We have before us two causes of action,—one by the owner of certain lands to prevent the assertion of a wrongful claim of title to those lands, and another to recover for a wrongful entry on the same lands by the same persons."

Under the same reasoning, in the case now under consideration, the amended complaint would present two causes of action,—one to recover possession of lands, with damages, and the other to secure specific performance of an oral contract to convey, by warranty deed, the same lands. This being true, the amended complaint would neccessarily introduce into the cause, upon the trial, a "new cause of action," not permissible as a trial amendment.

As was said in the case of Louisville & N. R. Co. v. Pointer's Admr., 69 S. W. 1108, "A plaintiff will not be allowed to amend his cause of action by changing it. The office of the amendment is to perfect or complete that which is begun, but is incomplete."

In the case of Bird v. Stout, 40 W. Va. 43, 20 S. E. 852, the Court say:

"An amended bill must not introduce another and different cause of suit from that of the original bill, but an amended bill is no departure from the original if it tends to promote a fair hearing of the matter of controversy on which the suit was originally really based, provided it do not introduce a new substantive cause of suit different from that stated, and different from that intended to be stated, in the original bill. An amended bill can not be allowed containing statements inconsistent with the nature of the original bill or changing the cause of suit. By it allegations may be changed and modified, and others added, provided the identity of the cause of action be preserved."

See, also, Edgell v. Smith; 40 S. E. 402; Snead v. Mc-Coual, et al., 12 Howard 407; 31 Cyc. 409; 1 Ency. Pl. & Pr. 548; Zeller v. Kellogg, 66 Hin. 194; Ellis v. Flaherty, supra.

Various tests have been applied by the courts for the purpose of determining whether a new cause of action is presented by way of amendment. The following will be found stated in 31 Cyc. 417:

"(1) If the cause of action in the suit is regarded as the act or thing done or omitted to be done, whether the amendment sets out a new act or thing as the cause of action, or whether it states in a different form the original act or thing as the cause; (2) whether the intention of the plaintiff at the time of instituting the suit and filing the amendment is the same; (3) whether a recovery on the original pleading would be a bar to a recovery on the amended one, or vice versa; (4) whether both the original and amended pleadings are subject to the same plea; (5) whether the same measure of damages is applicable to both pleadings; and (6) whether it would require substantially the same evidence to support the action after the amendment as before."

Tested by these rules it would be manifest that the amendment herein permitted introduced a new cause of action; for the reason stated the trial court erred in permitting the filing of the trial amendment, and the cause will therefore be reversed, with instructions to the District Court to sustain the appellant's motion to strike the trial amendment from the files, and it is so ordered.

NEILL B. FIELD, Esq., Albuquerque, N. M., for appellants.

