291 P.2d 312

Lindo VIGIL, Denton Mario, Avalino Velarde, Joe Pesata, Alex Vigil, Garfield Velarde, Jr., Lorenzo Julian, Guerrito Cassador, Jicarilla Apache Cooperative, a Corporation, Plaintiffs-Appellees,

v.

B. B. JOHNSON and Eugene Johnson, Defendants-Appellants.

No. 5966.

Supreme Court of New Mexico.

Dec. 2, 1955.

Rehearing Denied Jan. 6, 1956.

F. L. Nohl, Albuquerque, for appellants.

M. W. Hamilton, Santa Fe, for appellees.

COMPTON, Chief Justice.

Appellees brought this action in replevin to recover possession of 41 head of sheep and for damages for their unlawful detention. At the conclusion of the trial, the court found that appellees were the owners of the sheep and entitled to the possession thereof. Judgment was entered accordingly and appellants appeal.

By a pre-trial motion, appellants moved for judgment on the pleadings, or in the alternative, summary judgment on the ground that no action had been taken by appellees to bring the action or proceeding to a final determination within two years after the action was filed. The denial of the motion is assigned as error. Section 21–1–1 (41) (e) (1), 1953 Comp., our Rule 41 (e) (1) reads:

> "In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any

action to bring such action or proceeding to its final determination for a period of at least two (2) years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years (2) years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

While the provision for dismissal is mandatory, it does not arbitrarily require the proceeding to be terminated in two years. The period may be extended by written stipulation of the parties and there are other exceptions to the rule. Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790. The record itself denys its application here. The complaint was filed May 7, 1951. On May 28, 1951, appellants filed a motion to make definite and certain. Appellees' response thereto was filed *June 15, 1951.* Thereafter, on *June 8, 1953,* the motion for judgment on the pleadings, or summary judgment, was filed.

The response, filed June 15, 1951, was sufficient to defeat automatic dismissal. It was beyond the control of appellees to bring the case to a close until the response was filed; and it is clear that the two year period had not expired, by seven days. Compare Clark v. Carmody, 55 N.M. 5, 225 P.2d 696; State ex rel. Goodnow v. O'Phelan, 6 Wash.2d 146, 106 P.2d 1073; Stilwell v. Weiser Iron Works, 66 Idaho 227, 157 P.2d 86; Mercantile Inv. Co. v. Superior Court, 218 Cal. 770, 25 P.2d 12; Millar v. Whittington, 87 W.Va. 664, 105 S.E. 907; Watt v. Creppel, La.App., 67 So.2d 341; Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165; Landes v. Wolf, Del., 96 A.2d 344.

Appellants invoke § 22–17–12, 1953 Comp., asserting the court erred in denying the motion because of appellees' failure to prosecute the suit "with effect and without delay". The words "with effect" mean with success. State ex rel. Pinkley v. Yount, 186 Mo.App. 258, 172 S.W. 431. "Without delay", as used in the statute, means without unreasonable or unnecessary delay. Kane v. Sholars, 41 Tex.Civ.App. 154, 90 S.W. 937. The statute is merely directory and no injury to appellants having been shown as a result of the delay, we can not say the court abused its discretion in refusing to dismiss the motion.

Assigned as error is the ruling of the court in permitting amendment of the

pleadings. The complaint described the 41 sheep merely by individual earmarks. The previously mentioned motion to make definite and certain was to require appellants to particularize the sheep claimed by each individual owner. This was done by their response thereto. At the trial, however, it developed that the earmarks were listed incorrectly in the complaint. The sheep could be identified by earmarks only by reversing the position of the earmarks from left to right and right to left. The discrepancy was explained to the court as having been made by appellees' counsel, and upon motion, the court permitted amendment of the pleadings to conform to the evidence. This is permissible; under our rules, amendments of pleading are freely given where justice requires, § 21–1–1(15) (a). (b), our Rule 15 (a) (b) and this liberality extends to replevin actions. 46 Am.Jur. (Replevin) 107. Compare Gordan v. Briody, 170 Or. 410, 134 P.2d 431, 145 A.L.R. 898.

■ It is contended the finding is without support in the evidence. We have reviewed the evidence in considering this claim of error, and find it substantial. Jicarilla Apache Cooperative is a corporation owned by the appellees themselves. The individual appellees are Indians. They employ a manager and assistant manager who operate the store and perform other services for them individually. Their sheep are distinguished only by individual paint brands and earmarks. These brands and marks are registered with the manager of the corporation, and the record is retained by him in his office at Dulce. After branding and marking, the sheep are permitted to intermingle and graze at will on the reservation. The Johnsons are ranchers and have lived near the reservation for many years. The sheep were found on their ranch, and this action followed. When the writ was served, the witnesses Long, manager of the co-op store; Verne, assistant manager; Aranda, sheep inspector; and the appellees accompanied the sheriff and his deputy to the Johnson ranch. As each owner would identify his sheep by brands or earmarks, the brands and earmarks were checked by the inspector against the record kept by the witness Long, the manager, and if they compared favorably, the sheep were delivered to their respective owners. Following this method, the sheriff only levied upon 38 head. At the trial, six of the appellees, owners of 5 sheep, did not testify; however, the evidence is conclusive as to their ownership of the 5 head.

■ The last assignment of error is that appellants were denied a fair trial. It is asserted that the trial court "took over" in interrogating the witnesses. The record discloses the trial judge questioned witnesses some 36 times, covering many pages of the transcript. Such extensive exami-

nation of witnesses is not to be commended, but we fail to sense the alleged bias. Questions were propounded by him to the witnesses alike on either side of the controversy.

We think appellants received a fair trial, and the record is free of error. The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.