385 P.2d 574

Roberta MORRIS by Robert E. Morris, her next friend, and Robert E. Morris, Plaintiffs-Appellants and Cross-Appellees,

v.

W. M. FITZGERALD, Alton Fitzgerald and Robert E. Parker, Defendants-Appellees and Cross-Appellants,
Walter M. Parker, Defendant-Appellee.

No. 7210.

Supreme Court of New Mexico.

Sept. 23, 1963.

Rehearing Denied Oct. 24, 1963.

Hart & Brockman, Tucumcari, for appellants and cross-appellees.

Rowley, Davis, Hammond & Murphy, Clovis, for appellees and cross-appellants.

MOISE, Justice.

From a judgment dismissing plaintiffs' action they prosecute this appeal.

Suit was filed July 31, 1959, against W. M. Fitzgerald, Alton Fitzgerald and Robert E. Parker. They answered on August 24, 1959. Thereafter, for a short time, there

was fairly continuous activity in the case looking to discovery. Aside from such activities, the record discloses that on September 4, 1959, a motion to dismiss the complaint on the ground that it failed to state a cause of action was filed. This motion was overruled on August 4, 1960.

On March 24, 1960, a motion was filed to amend the complaint so as to make Walter M. Parker a party defendant. On the same date notice of hearing on the motion for April 1, 1960, was given. The record discloses that by letter dated March 26, 1960, counsel for the three original defendants advised plaintiffs' attorneys that they would not resist the motion. On October 16, 1961, an order was entered permitting addition of Walter M. Parker as a defendant and, on the same day, the first amended answer was filed, adding such new party and containing allegations concerning his liability, but otherwise not materially changing the complaint. On October 30, 1961, motion to dismiss was filed by the three original defendants under § 21–1–1(41), N.M.S.A.1953. The motion was overruled. However, another motion to dismiss on other grounds was sustained and the cause dismissed as to all defendants.

The plaintiffs appealed from the order dismissing their action and the defendants, other than Walter M. Parker, cross-appealed from the court's action in overruling their motion to dismiss under § 21–1–1(41), N.M.S.A.1953. If the court erred in not sustaining defendants' motion, a reversal would dispose of the case as to all defendants except Walter M. Parker, concerning whom it will be necessary for us to give special consideration.

Section 21–1–1(41)(e), N.M.S.A.1953, is derived from and in all material respects is identical with Chap. 121, N.M.S.L.1937. It has been considered and interpreted by us many times.

In Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, we held that unless the time for running of the statute was tolled for certain reasons there enumerated, dismissal after passage of two years after filing of the action was mandatory. This holding has been reaffirmed most recently in Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298, and Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361.

Plaintiffs here assert that one of the defendants had gone into the armed forces and that counsel agreed that taking of depositions could be continued until after his return, and because of the Soldiers' and Sailors' Civil Relief Act it was beyond the control of plaintiffs to force the taking of the depositions or trial on the merits. They also assert that the court required briefs on one of the motions presented, and delayed his ruling, impliedly arguing that this passage of time was beyond their control.

In Ringle Development Corporation v. Chavez, supra, we said that the Soldiers' and Sailors' Civil Relief Act of 1940 (§ 201, 50 U.S.C.A.Appendix, § 521) tolled the running of the statute and that unless for good reasons beyond the control of plaintiff, a case could not be brought to its final determination (trial) within two years after filing, the provision for dismissal is mandatory.

The trouble with plaintiffs' position as to one of the parties being in the military service results from the fact that nothing appears in the record to support the assertions made by them. Under § 21–2–1(17)(1), N.M.S.A.1953, we are limited to the record in our consideration of an appeal. Davis v. Severson, 71 N.M. 480, 379 P.2d 774.

The motion to dismiss for failure to state a cause of action was overruled on August 4, 1960. There still remained a full year before the statute ran. The motion to amend was timely filed but no explanation is offered to show why, although the motion was not resisted, no order was entered for some eighteen months. Unless, in this case, we can say that something more was present to toll the statute than has already been noted, we fail to see how plaintiffs can avoid the mandatory effect of the statute. It would seem clear that plaintiffs do not come within the following explicit language of Western Timber Products Co. v. W. S. Ranch Company, supra:

"By the very language of § 21–1–1 (41)(e) and by decisions of this court bearing upon said section, it is plain that subject to the exceptions set out in Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, the statute is mandatory. Absent the filing of a written stipulation signed by all parties to said cause, postponing final action beyond the two-year period, or some showing in the court file itself which shows diligence on the part of the plaintiff to bring the action to trial, by motion or other action sought of the court to bring the proceedings to a final determination, or a definite showing upon which plaintiff relied which would estop a defendant from meritoriously filing a motion to dismiss, after two years from the date of the filing of an action, the trial court has no discretion except to dismiss the case. Featherstone v. Hanson, supra."

Plaintiffs argue that they could not bring the cause to trial because the wife of Walter M. Parker, one of the defendants, was a member of the regular jury panel for the spring term, 1961, and by reason of her presence on the panel the jury could not sit fairly and impartially. While entertaining considerable doubt that this fact could be considered as in any way interfering with trial at the spring term of 1961, if trial was desired at that time, it is not

necessary for us to decide the point. As was true of the claim of the benefits of the Soldiers' and Sailors' Civil Relief Act, the facts claimed do not appear from the record before us, and we may not consider them in deciding this appeal.

Beyond what has been considered above, the record discloses nothing that was done to bring the case to its conclusion except to take a number of depositions. Does this serve to toll the statute?

■ It was the duty of plaintiff to take some action to bring the case to its final determination within two years of its filing. We do not consider the taking of depositions as being action to accomplish this end so as to toll the statute. All discovery procedures are available to be used or not, as a litigant sees fit, and none are required prerequisites to trial. Accordingly, in our view, they are not "actions" to bring a proceeding to its final determination so as to toll the statute. Neither do we perceive that our holding in Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312, is to the contrary nor is it of any aid to plaintiffs. A reasonable explanation for the holding in that case is that until the amended complaint was filed in response to a motion to make more definite and certain, the action in effect had not been commenced. This must have been the court's theory, otherwise the two years would have been computed from the date of original filing instead of from the date of filing of the response. We see no similarity between the situation passed upon in Vigil v. Johnson, supra, and the instant one.

We would add a word about the statement in plaintiff's brief that "defendants requested and counsel for the plaintiffs agreed that taking the depositions could be continued" until the defendant who was in the military service had returned. Once again, this agreement is outside the record. We do not consider that it would be proper for us to consider whether or not defendants were estopped from invoking the statute if the circumstances were properly before us. We doubt that plaintiffs intended the statement to be so construed by us. Compare Featherstone v. Hanson, supra.

■ It follows from what has been said that the court erred in overruling defendants' motion to dismiss under § 21–1–1(41) (e), N.M.S.A.1953. However, since the cause was dismissed on another ground, the judgment of dismissal must be affirmed.

■ We must still consider whether or not the dismissal of the original three defendants because of failure to bring the action to final determination within two years requires a dismissal as to Walter M. Parker.

The action was dismissed as to Walter M. Parker along with the other defendants on the ground that after the tort alleged in the complaint, and after filing of suit, Roberta

Morris, the plaintiff, had married Robert E. Parker, who allegedly was driving the car in which Roberta Morris was riding when injured. It is clear that the court ruled as it did in the belief that the law, as stated in Romero v. Romero, 58 N.M. 201, 269 P.2d 748, holding that a married woman could not sue her husband in tort, applied.

We have not found it necessary to consider whether the court was correct in its ruling. Neither do we need to consider this question in connection with plaintiffs' appeal of the dismissal of the action as to Walter M. Parker. The statute under which liability was asserted against him is § 64–13–44, N.M.S.A.1953, the pertinent parts of which we quote:

"64–13–44. (a) The application of any person under the age of eighteen [18] years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father, mother or guardian, or, in the event there is no parent or guardian, then by another responsible adult who is willing to assume the obligation imposed under this act [64–13–31 to 64–13–43, 64–13–44 to 64–13–74, 64–13–76 to 64–13–78] upon a person signing the application of a minor.

"(b) Any negligence or willful misconduct of a minor under the age of eighteen [18] years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct except as otherwise provided in the next succeeding paragraph."

It is alleged that Walter M. Parker was the father of Robert E. Parker, a minor 16 years of age, and that he co-signed the license application of Robert E. Parker and under the statute quoted supra is made jointly and severally liable for damages caused by Robert E. Parker's negligence.

Section 21–1–1(41) (e), N.M.S.A.1953, provides that the dismissal shall be "with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint * * *." Can it be said that the cause of action against Walter M. Parker was the same cause of action as the one against the other defendants?

The following language from Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069, has been quoted many times:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of

action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action. 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. "The *thing,* therefore, which in contemplation of law as its *cause,* becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince."'* Chobanian v. Washburn Wire Company, 33 R.I. 289, 302, 80 A. 394, 400."

Our court has had occasion to consider the meaning of the term "cause of action." In People's Mercantile Co. v. Farmers' Cotton Finance Corp., 38 N.M. 237, 31 P.2d 252, it was stated that it had a "chamelion-like nature" which made difficult application of rules involving the term. In Bremen Mining & Milling Company v. Bremen, 13 N.M. 111, 79 P. 806, we reviewed a number of decisions in which the nature of "cause of action" was discussed, and pointed out that these cases set forth rules by which the existence of a cause of action could be determined, but not how one cause of action could be distinguished from another.

The most definitive test for determining the question may be found in Loretto Literary & Benevolent Society v. Garcia, 18 N.M. 318, 136 P. 858. It is our considered judgment that the cause of action against Walter M. Parker and against the other defendants was the same, and that under the plain language of § 21–1–1(41) (e), N.M.S.A.1953, the dismissal with prejudice as to the original defendants required the dismissal of Walter M. Parker as well. Compare, Newbold v. Florance, 54 N.M. 296, 222 P.2d 1085; Terry v. Pipkin, 66 N.M. 4, 340 P.2d 840; Bartfield v. Parkhurst, D.C., 117 F.Supp. 82; Atherton v. Anderson, 6 Cir., 86 F.2d 518; F. L. Mendez & Co. v. General Motors Corporation, 7 Cir., 161 F.2d 695; Smith v. Kirkpatrick, 305 N.Y. 66, 111 N.E.2d 209.

It follows from what has been said that the action of the court in dismissing the action as to Walter M. Parker must be affirmed, although based on a different ground, unless the failure of Walter M. Parker to cross-appeal would make the ruling of the court that the cause should not be dismissed under § 21–1–1(41) (e), N.M.S.A.1953, the law of the case as to him.

There is no question that Walter M. Parker is a party to this appeal. This results from the order allowing appeal from the order of dismissal and the following

of the procedure provided in §§ 21–2–1(5), (7) and (8), N.M.S.A.1953. In our view of the situation failure of Walter M. Parker to cross-appeal should not prevent us from entering a proper order where it is clear that to do otherwise would result in prejudice and inequity. Compare Blache v. Blache, 37 Cal.2d 531, 233 P.2d 547; Stout v. Oliveira (Tex.Civ.App.), 153 S.W.2d 590; Fick v. Herman, 161 Neb. 110, 72 N.W.2d 598.

Under the holding above, concerning § 21–1–1(41) (e), N.M.S.A.1953, it is clear that the dismissal concludes the entire cause of action, and all the defendants. It follows that the action of the trial court in dismissing the action as to Walter M. Parker should be affirmed.

The judgment of dismissal is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY, and CHAVEZ, JJ., concur.

NOBLE, J., dissenting in part.

NOBLE, Justice (dissenting in part).

I am unable to agree with the disposition of that part of the majority opinion which requires dismissal of the action under § 21–1–1(41) (e), N.M.S.A.1953.

The record discloses that on September 4, 1959, defendant filed a motion to dismiss the complaint filed July 31, 1959. The motion to dismiss was argued, and written briefs requested and considered by the court. An order was entered August 4, 1960, eleven months later, overruling the motion to dismiss. The consideration of the motion and order entered August 4, 1960 defeated automatic dismissal. Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790; Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312.

Our dismissal rule, differing materially from the statutes of many states, does not require actual trial of the cause with the two-year period prescribed by the rule, but only that some action be taken to bring the case to its final determination within two years after filing of the complaint. Nevertheless, as early as Ringle, this court construed the rule to permit the tolling of the period for certain reasons, and tolling is recognized by the majority in this case. It was there said that certain enumerated exceptions would toll the period provided by the rule, among them that "for good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial" until the order determining the motion to dismiss was entered. Ringle Development Corp. v. Chavez, supra; Vigil v. Johnson, supra.

Notwithstanding the attempt of the majority to distinguish Vigil, I believe the language of the majority opinion has the effect of overruling that decision. On the facts, I find no valid ground for distinction be-

tween Vigil and the instant case. The facts in Vigil were that on May 28, 1951, a motion was filed to make a complaint filed May 7, 1951 more definite and certain. Plaintiffs' response thereto was filed June 15, 1951. A motion to dismiss under Rule 41(e) was filed June 8, 1953, and was held to be premature. This court there said:

> "The response, filed June 15, 1951, was sufficient to defeat automatic dismissal. It was beyond the control of appellees to bring the case to a close until the response was filed; and it is clear that the two year period had not expired by seven days."

I do not agree with the reasoning of the majority that Vigil must have been based upon the theory that there was actually no complaint until filing of the response to the motion to make more definite and certain. As I view Vigil v. Johnson, supra, the language means just what it says: "It was beyond the control of appellees to bring the case to a close until the response was filed." Thus, either the inability of plaintiff to bring the case to a close constituted an exception to the operation of the rule, or operation of Rule 41(e) was tolled during such time. Ringle Development Corp. v. Chavez, supra. But, even if the theory of the majority be accepted, it is equally applicable in the instant case, and it must likewise be held here that there was no complaint until the ruling of the court on the motion to dismiss, and the motion under Rule 41(e) was

premature. I believe that the exception announced in Ringle and applied in Vigil should not be changed.

For the reasons stated, I am not able to agree with the majority insofar as the opinion requires dismissal of the action under Rule 41(e). To that extent, I dissent. I concur with the majority that the action of the trial court in dismissing the action as to Walter M. Parker should be affirmed.