681 P.2d 58

**FIDELITY NATIONAL BANK, Plaintiff-Appellant,**

v.

**William O. COLLIER, et al., Defendants-Appellees.**

**No. 14989.**

Supreme Court of New Mexico.

March 29, 1984.

Rehearing Denied May 9, 1984.

DeLayo & Olson, Leonard J. DeLayo, Jr., Thomas F. Blueher, Albuquerque, for plaintiff-appellant.

Thomas E. Jones, Albuquerque, for defendants-appellees.

## OPINION

FEDERICI, Chief Justice.

This case originated as a foreclosure action in the District Court of Bernalillo County. In 1975, R–M Systems, Inc., entered into a series of loan transactions with Fidelity National Bank (Bank). As security for the loan, a number of individuals executed separate continuing guarantees secured by separate mortgages in favor of the Bank. These individuals included William and Ruth Collier (Colliers) and Charles and Mary Thomas (Thomases).

No payments were made on the loan after September 11, 1979. Consequently, the Bank brought this action on February 7, 1980, against the Colliers and others, not including the Thomases. On May 16, 1980, the Bank filed its first amended complaint against the original defendants and naming other defendants, including the Thomases. By April 20, 1982, the Bank had settled with all guarantors except the Thomases. On April 29, 1983, the Thomases filed a motion to dismiss pursuant to NMSA 1978, Civ.P.Rule 41(e) (Repl.Pamp.1980), stating that the Bank failed to take any action to bring this case to a final determination for a period of over three years after it filed its cause of action on February 7, 1980. The trial court granted the motion and the cause was dismissed with prejudice. The Bank appeals. We reverse.

Under Rule 41(e), any party to a civil action may have the action dismissed with prejudice when the plaintiff, or a defendant filing a cross-complaint, "has failed to take any action to bring such action or proceeding to its final determination for a period of at least three years after the filing of said action or proceeding ...." The issue in this case is whether the three year-period commenced to run in favor of the Thomases at the time the original complaint was filed, or at the time of the filing of the amended complaint which added the Thomases as defendants.

This Court has held that if the cause of action against an added defendant is the same as the cause of action against the original defendant, then the period within which the case must be prosecuted is the same for both defendants. *Morris v. Fitzgerald*, 73 N.M. 56, 385 P.2d 574 (1963). We have also held that the period commences to run at the date of the filing of an amended complaint in certain circumstances. *Chavez v. Angel*, 77 N.M. 687, 427 P.2d 40 (1967) (original complaint was amended in response to a motion to dismiss due to a deficiency in the original complaint); *Vigil v. Johnson*, 60 N.M. 273, 291 P.2d 312 (1956) (period commenced to run on date response was filed to a motion to make more definite and certain). In the present case, the original complaint was amended voluntarily by the Bank to include new defendants. Under the circumstances, the period would commence to run in favor of the Thomases on the date of the filing of the amended complaint only if the amended complaint included a different cause of action against the Thomases.

The original complaint sought foreclosure of the Colliers' mortgage and judgment against the Colliers in the principal sum of $12,996.00, plus interest, costs and attorney fees. The complaint contained only one count, and while stating that R–M Systems, Inc., owed the Bank $228,087.71 plus interest, the Bank sought to recover only that portion of the total upon which the Colliers had executed a continuing guaranty. Clearly, this claim could have been pursued individually by the Bank.

The amended complaint contained four counts, Count III of which dealt specifically with the Bank's claims against the Thomases. In this count, the Bank sought foreclosure of the Thomases' mortgage and judgment against the Thomases in the principal sum of $228,344.37, plus interest, costs and attorney fees. The Bank sought judgment in this amount based upon continuing guar-

antees executed by the Thomases which guaranteed the indebtedness of R–M Systems, Inc., in an unlimited amount, and an additional continuing guaranty executed by the Thomases which guaranteed R–M Systems, Inc.'s indebtedness in the principal sum of $228,344.37.

Although the claim against the Colliers and that against the Thomases arose out of the same series of transactions, the claims were secured by, and foreclosure was sought, on two separate mortgages, and the judgment was based upon separate continuing guarantees. Under the facts in this case, we hold that the claims raised against the Thomases were not based on the same cause of action as those raised against the original defendants. *See Morris v. Fitzgerald,* 73 N.M. 56, 385 P.2d 574 (1963). Therefore, the Rule 41(e) three-year period did not begin to run in favor of the Thomases until the date of the filing of the amended complaint. Based upon the date of filing of the amended complaint, the three-year limitations period had not expired at the time the Thomases filed their motion to dismiss. Our determination of this issue renders unnecessary consideration of the other issues raised by the Bank on appeal.

The trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.