C. C. SMOCK v. R. E. CARTER AND IVA M. CARTER.

(Filed September 3, 1897.)

1. ANSWER—*Amendment Of By Adding General Denial—When Such Amendment Does Not Change Defense Substantially.* In an action for damages, an amendment of defendant's answer by incorporating therein a general denial in addition to the matter formerly set up as a defense, does not change substantially such defense where the former answer did not contain a specific admission of the amount of damages claimed in plaintiff's petition.

2. ACTION FOR DAMAGES—*Burden Of Proof—Who Must Assume.* In an action for damages, the burden of establishing the amount thereof sustained always rests upon the plaintiff unless the defendant specifically admits such amount in his answer and, where no such admission is contained in the answer, it is error for the trial court to require defendant to assume the burden of proof.

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Virgil H. Brown, Probate Judge.*

*J. L. Roberson* and *C. J. Peckham,* for plaintiff in error.

*D. J. Donahoe* and *S. A. McGinnis,* for defendant in error.

PER CURIAM: This was an action in the probate court of warranty in sale of personal property. The record shows that after the amended answer had been filed, by leave of the court, and which pleaded the general issue in addition to special matters of defense pleaded in the original answer, the amendment pleading the general issue, was by the court stricken from the amended answer; that when the cause was called for trial the court required the defendant to assume the burden of establishing the issue and to introduce his testimony before any testimony had been introduced by the plaintiff; that after defendant's testimony had been introduced, the court sustained a demurrer thereto, and thereupon and without any evidence being offered in support of the plaintiff's petition, or to show the amount of damages, if any, to which the plaintiff was entitled, the court instructed the jury to return a verdict for the plaintiff for the full amount of the damages claimed in his petition, and upon such verdict, the judgment herein was rendered.

It requires no argument or citation of authorities to demonstrate that there has been no proper trial of this cause, and that the proceedings had were but a mere travesty upon judicial procedure.

The cause is therefore reversed and remanded with instructions to permit the amended answer to be filed and proceed according to established rules.