Viola A. **KATZER** and Alfred C. Katzer, Sr., Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 69-C-33.

United States District Court, E. D. Wisconsin.

June 14, 1972.

Truman Q. McNulty, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action against the United States for alleged negligence which resulted in plaintiff Viola Katzer falling on the steps of the Veterans Administration Regional Office Building in Milwaukee. Jurisdiction of this court is asserted under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and damages in the amount of $35,000 ($25,000 for Viola Katzer and $10,000 for Alfred Katzer) are sought. The Government has moved to dismiss on the basis of Title 28 U.S.C. § 2401(b) a statute of limitations. That motion is presently before me.

Plaintiff Viola Katzer was injured on October 5, 1966. A formal claim was filed by plaintiffs with the General Services Administration on October 3,

1968. This claim was denied on October 28, 1968, and on January 29, 1969, this action was commenced.

The United States contends that this action is governed by 28 U.S.C. § 2401(b) as it read prior to a 1966 amendment:

> "(b) A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * * or unless, *if it is a claim not exceeding $2,500,* it is presented in writing to the appropriate Federal agency within two years after such claim accrues * * *. *If a claim not exceeding $2,500* has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after * * * the date of mailing notice by the agency of final disposition of the claim." (Emphasis supplied.) Act of June 25, 1948, Ch. 646, 62 Stat. 971, as amended, Act of April 25, 1949, Ch. 92, § 1, 63 Stat. 62, as amended, Act of September 8, 1959, Pub.L. 86–238, § 1(3), 73 Stat. 472.

As this action is a claim for more than $2,500 and was commenced in this court over two years after the accident, the government argues that the case must be dismissed. Cited as authority for this position is Powers v. United States, 390 F.2d 602 (9th Cir.1968); Johnson v. United States, 404 F.2d 22 (5th Cir.1968); and an unpublished order of the Seventh Circuit—Lindell v. United States, Case No. 18393 (7th Cir. Feb. 3, 1971*). Lindell* in part reads as follows:

> On August 8, 1969, plaintiff filed a complaint under the Federal Tort Claims Act seeking recovery of $10,000 for injuries suffered in an accident with a Navy vehicle on June 2, 1966. The government moved to dismiss on the ground that the claim was barred because not filed within the two year period required by 28 U.S.C. § 2401(b). The district court denied

the motion, holding that the period of limitations was tolled by the submission of an administrative claim on May 14, 1968. The government appealed * * *, asserting that prior to July 18, 1966, the effective date of the 1966 amendment to the Act, an administrative claim for more than $2,500 would not toll the statute.

> \*   \*   \*   \*   \*   \*

> As plaintiff points out, the statute had been amended to eliminate the $2,500 limit on administrative claims before this action was commenced. Act of July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307. However, Congress expressly provided that the amendment was applicable only to claims accruing six months or more after July 18, 1966. The amendment states that it "* * * shall apply to claims accruing six months or more after the date of its enactment." Id., § 10, 80 Stat. 308.

> Since plaintiff's claim accrued on June 2, 1966, and since it exceeded $2,500, her action is barred because not commenced within two years after the claim accrued. Powers v. United States, 390 F.2d 602 (9th Cir.1968).

> The order of the district court is reversed.

Plaintiff states the position that Title 28 U.S.C. § 2401(b) as amended in 1966 to delete the $2,500 limitation applies to the instant case. They would distinguish *Lindell* on the basis that the accident in *Lindell* took place prior to the July 18, 1966 amendment. They also argue that the term "accrues" in § 2401 refers to the date that a formal claim is filed with a Federal agency. Plaintiffs further contend that Title 28 U.S.C. § 2675, as it read *prior* to amendment on July 18, 1966, controls this case. That statute reads in relevant part as follows:

> "(a) An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the

negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim."

Essentially, plaintiffs argue that while their claim was being considered by the General Service Administration, the running of the two year § 2401 limitation was temporarily halted in light of the restraint § 2675 on the filing of the court action.

I conclude that Title 28 U.S.C. § 2401(b) as it read *prior* to amendment on July 18, 1966, controls this action. The accident in the case before me took place within six months of July 18, 1966, and under *Lindell* it is this fact that is determinative and *not* whether the accident took place before or after July 18, 1966. Further, plaintiffs argument that this action "accrued" within the meaning of § 2401 when the administrative claim was filed and not when the accident took place is clearly refuted in *Lindell*. In *Lindell* the accident occurred on June 2, 1966, an administrative claim was submitted on May 14, 1968, and the action was commenced on August 8, 1969. In that case the Seventh Circuit stated that "plaintiff's claim accrued on June 2, 1966" and held the action was barred. While *Lindell* did not expressly deal with the argument that § 2675 and not § 2401 controls, it is clear that this argument is erroneous. Section 2675, prior to the 1966 amendment, (like the § 2401 amendment, the 1966 amendment to § 2675 was made effective to claims accruing six months or more after July 18, 1966,—Pub.L. 89–506, § 10, 80 Stat. 308) did not require claims to be filed with the appropriate administrative agency but only required that if they were so filed, then before an action could be commenced in the district court either the agency was to make a final determination of the claim or the plaintiff was to withdraw his claim from agency consideration. Schlingman v. United States, 229 F.Supp. 454 (S.D. Cal.1963); Smith v. United States, 239 F.Supp. 152 (D.Md.1965). Thus §§ 2675 and 2401, as they read prior to amendment in 1966, in no way conflicted with each other. Section 2401(b) allowed plaintiffs two years from October 5, 1966, to file their action with this court. During that period they had the *option* of filing a claim with the General Services Administration and, if they so filed, the *option* of withdrawing their claim at any time so that in accordance with § 2675 they might commence a civil suit. That they elected the first option but not the second in no way diminishes the controlling effect of § 2401(b) or expands its two-year limitation.

It is therefore ordered that defendant's motion to dismiss this action be and it hereby is granted.