**Leo W. McGUIRE, Plaintiff,**

v.

**Arward L. OVENSHIRE and J. W. Williams, Individually and d/b/a City Veteran's Cab, Defendants and Third-Party Plaintiffs,**

v.

**James Russell DAVIS and United States Government, Third-Party Defendants.**

**No. 72–C–355.**

United States District Court,
E. D. Wisconsin.

March 6, 1973.

---

5. *See* note 2, *supra*.

Dudley, Smith & Belisle by G. William Smith, St. Paul, Minn., for plaintiff.

Edward P. Rudolph, Milwaukee, Wis., for defendants.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., for third-party defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

One of the third-party defendants, James Davis, has moved for an order dismissing him as a party to this action. The complaint alleges that Mr. McGuire was injured by Mr. Ovenshire's negligent driving which caused the latter's vehicle to collide with the United States government vehicle in which the plaintiff was a passenger. Mr. Ovenshire and the other named defendants answered the complaint, alleging, among other points, that the plaintiff's host driver (Mr. Davis) was negligent. Defendants also filed a third-party complaint seeking judgment for contribution against Mr. Davis and the United States government in the event of a finding that both drivers were negligent.

The instant motion to dismiss is based on Mr. Davis' contention that recovery against him is barred by 28 U.S.C. § 2679(b), which provides as follows:

"The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

The United States attorney has filed a "certification" asserting that

". . . upon the basis of the information available to him with respect to the incident referred to in these proceedings, he is of the opinion that the third-party defendant James Russell Davis was acting within the scope of his employment as an employee of the United States of America at the time of said incident."

Although it may ultimately be shown that Mr. Davis was in fact acting within the scope of his employment at the time of the accident, the third-party plaintiffs cogently contend that the United States attorney's "certification" does not unequivocally establish such fact. Thus, even though the United States attorney is of the opinion that Mr. Davis was acting within the scope of his employment, that view is not binding upon the third-party plaintiffs, nor is it conclusively established as a fact in connection with the instant motion to dismiss.

Accordingly, Mr. Davis' motion to dismiss may not be granted, at least until such time as there is a factual determination as to the scope of his employment at the time of the accident.