**Delores J. McCORMICK and John McCormick, her husband, Plaintiffs,**

v.

**Wendell C. COOLEY, Defendant.**

Civ. A. No. 77–1359.

United States District Court, W. D. Pennsylvania.

Oct. 16, 1978.

Joseph M. George, Buck, Margolis, Mahoney & George, Uniontown, Pa., Michael J. Seymour, Feczko & Seymour, Michael Magulick, Pittsburgh, Pa., for plaintiffs.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

COHILL, District Judge.

Plaintiffs, Delores J. and John McCormick, filed a complaint in state court to recover damages arising out of an accident on October 3, 1976, in which the defendant, Wendell C. Cooley, collided with a car driven by Mrs. McCormick. Plaintiffs determined through discovery that, at the time of the accident, Mr. Cooley was operating a vehicle apparently within the scope of his employment as an employee of the United States Department of Agriculture and accordingly they filed an administrative claim with the Department of Agriculture on September 26, 1977. On November 30, 1977, the United States filed a petition to remove the case to this court pursuant to 28 U.S.C. § 2679 so the case could proceed as a tort action against the United States under provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). In its petition, the United States, pursuant to 28 U.S.C. § 2679(d), certified that Mr. Cooley was acting within the scope of his government employment at the time of the accident and requested that it be substituted for Mr. Cooley as defendant in the federal case.

Subsequently, plaintiffs filed a Petition to Add Defendant, requesting the court to add, not substitute, the United States as defendant. Since the United States Attorney's certification was "not unequivocal" and not binding on the court, plaintiffs apparently feared that a later determination that Mr. Cooley was not driving in his government capacity would leave them without a remedy.

Plaintiffs seemingly have overlooked the effect of 28 U.S.C. § 2679(d), if the court would determine prior to trial that Mr. Cooley was not acting in his government capacity at the time of the accident. In that event, the court would vacate the order that substituted the United States for Mr. Cooley and that removed the action to federal court, and we would remand the case to state court, where the plaintiff could proceed against Mr. Cooley. See, e. g., Daugherty v. United States, 427 F.Supp. 222 (W.D.Pa.1977). Therefore, plaintiffs' apparent fears about substituting the United States as defendant are groundless.

Plaintiffs offer no sound authority for holding Mr. Cooley as a defendant in the federal action. In McGuire v. Overshire, 358 F.Supp. 979 (E.D.Wis.1973), cited by the plaintiffs, the defendants in a negligence action impleaded both the government driver of the car in which the plaintiff had been riding and the United States. The district judge refused to dismiss the third-party defendant driver prior to a factual determination as to the scope of his employment at the time of the accident, because the United States Attorney's certification did not unequivocally establish that fact and at any rate it was not binding on the third-party plaintiffs. Although it was not discussed, the inapplicability of the § 2679(d) remand procedure in that situation, as distinguished from the present case, apparently dictated that result.

In the case before us, the United States has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, pointing out that plaintiffs, contrary to the provisions of 28 U.S.C. §§ 2675(a) and 2401(b), initiated the complaint in state court, and the suit was removed to this court, before the Department of Agriculture had "finally denied" plaintiffs' administrative claims. Although 28 U.S.C. § 2675(a) allows a claimant to treat

agency failure to make a final disposition within six months, at the option of the claimant anytime thereafter, as a final denial under § 2675, plaintiffs brought suit, and it was even removed, *cf. Morano v. U. S. Naval Hospital*, 437 F.2d 1009, 1011 (3d Cir. 1971), before the six months had elapsed.

We recognize that § 2675(a) prerequisites are jurisdictional requirements to maintaining a suit. *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir.), *cert. denied sub nom. Rosario v. United States*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). However, since the six months of agency inaction has now elapsed, and no "substantial progress" has been made in this case, the jurisdictional defect may be considered cured without the necessity of plaintiffs' refiling the suit. *Kubrick v. United States*, 581 F.2d 1092, 1097 (3d Cir. 1978).

AND NOW, to-wit, this 16th day of October, 1978, for the foregoing reasons, it is ORDERED, ADJUDGED and DECREED that:

1. The United States of America be and hereby is substituted as defendant in place of Wendell C. Cooley, and that the action against the United States shall proceed as a tort action under the provisions of 28 U.S.C. § 1346(b);

2. Plaintiffs' Petition to Add Defendant be and hereby is denied; and

3. The Motion to Dismiss filed by the United States be and hereby is denied.