**Floyd E. BETHKE, Plaintiff,**

v.

**John C. STETSON, Secretary of the Air Force, Defendant.**

Civ. A. No. C78–2171A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 29, 1979.

ORDER

SHOOB, District Judge.

This matter is before the Court on defendant's motion to dismiss or in the alternative for summary judgment. The original complaint was filed in this Court on December 19, 1978.

A determination as to whether the claim is barred by the statute of limitations is dispositive of the issues in the case. Defendant contends that plaintiff's claim is barred by the six-year statute of limitations which applies to suits against the United States. See 28 U.S.C. § 2401(a). Plaintiff's position on this issue is that he was required to exhaust administrative remedies before resorting to the action in this Court, and that the six-year period had not run when this action was filed.

On May 29, 1967, plaintiff, a former Air Force enlisted man, filed a second application with the Air Force Board for Correction of Military Records (AFBCMR) in which he requested that he be reinstated in the Air Force as a master sergeant with back pay, or that he be placed on the appropriate retirement roll. (An earlier application by plaintiff to the AFBCMR on January 22, 1975, requesting a promotion which had been withheld, was denied.) The AFBCMR denied the May 29, 1967 application on December 14, 1967. On January 6, 1969, plaintiff filed a third application with the AFBCMR requesting reconsideration of its December 14, 1967 decision. This request was denied by the AFBCMR on February 4, 1969. The denial included a statement to the effect that plaintiff was privileged to submit new and material evidence for the consideration of the AFBCMR. On September 2, 1975, plaintiff filed a fourth application with the AFBCMR for reconsideration and included additional evidence which plaintiff contended was new and material. This application was denied on October 16, 1975. Plaintiff's final application to the AFBCMR for reconsideration was filed on July 19, 1976, and that application was denied on December 7, 1976. The relief sought by plaintiff in his second, third, fourth and fifth applications to the AFBCMR was essentially the same.

Beverly B. Bates and Benjamin Landey, Bates, Baum & Landey, Atlanta, Ga., for plaintiff Bethke.

Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., and Robert E. Sutemeier, Captain, U. S. Air Force, Washington, D. C., for defendant Stetson.

Plaintiff contends that if the six-year statute of limitations is applicable, it requires that administrative remedies be exhausted before resorting to the courts; that there was no final administrative exhaustion until the AFBCMR denied his fourth application on October 16, 1975; and that the six-year statute ran from that date. Defendant contends that the six-year statute of limitations runs from the date of discharge, and that the action is now barred (defendant's brief at 6–7).

■ Defendant's contention as to this issue is clearly wrong under the authority in this Circuit. The Court agrees with plaintiff's contention that he was required to exhaust his administrative remedies before resorting to this Court, *Hodges v. Callaway*, 499 F.2d 417 (5th Cir. 1974), and that the six-year limitation period commenced with the final administrative action on plaintiff's claim. 28 U.S.C. § 2401(a) provides:

> Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues . . . (Emphasis supplied.)

■ It is clear, however, that plaintiff has exhausted his administrative remedies. (*See* Sherman, *Judicial Review of Military Determinations and the Exhaustion of Remedies Requirement*, 55 Va.L.Rev. 483 at 502, n. 103 (1969) for a succinct description of the two review boards established by 10 U.S.C. §§ 1552 and 1553.) Fifth Circuit cases indicate that it has adopted a "functional" approach to the exhaustion of remedies requirement. That is, the Court will require a plaintiff to exhaust only that avenue of administrative appeal within the military which will lead to the relief sought. *McCurdy v. Zuckert*, 359 F.2d 491 (5th Cir. 1966); *Tuggle v. Brown*, 362 F.2d 801 (5th Cir. 1966); *Stanford v. United States*, 413 F.2d 1048 (5th Cir. 1969). Plaintiff herein seeks reinstatement, back pay, and such other remedy as only the Air Force Board for Correction of Military Records can grant. Plaintiff has appealed to the AFBCMR no less than five times, seeking substantially the same relief the last four times. There is no question that plaintiff has exhausted his administrative remedies.

■ Plaintiff urges the Court to hold that his fourth appeal, based on what he claims is new and material evidence, and the AFBCMR's denial of that appeal, constituted a final administrative action which initiated a new six-year period. This Court declines to so hold. Plaintiff's cause of action in this case arose either on December 14, 1967, when his second application was denied by the Board, or on February 4, 1969, when his motion for reconsideration of that denial was itself denied. In either case, the claim is now barred by the statute of limitations. Certainly, plaintiff had the right, on receipt of the February 4, 1969 AFBCMR order, to bring his action in this Court. *Crown Coat Fronts Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967). *See also Walker v. United States*, 438 F.Supp. 251 (N.D.Ga. 1977); *Mobley v. Murray County*, 178 Ga. 388, 173 S.E. 680 (1934). Plaintiff waited six and a half years after the filing of the February 4, 1969 order before pursuing another motion for reconsideration. The language included in the February 4, 1969 order of the AFBCMR to the effect that plaintiff was privileged to submit new and material evidence was neither an invitation to ignore the applicable statute of limitations nor did it toll the statute until such time as plaintiff elected to submit new evidence. "Failure to bring an action within the time specified under the Tucker Act does not merely provide the government with a waivable defense to the action, but deprives the district court of jurisdiction to hear the action at all." *United States v. One 1961 Red Chevrolet Impala*, 457 F.2d 1353 at 1357 (5th Cir. 1972). To accept plaintiff's construction of the effect of the 1969 AFBCMR order, this Court would be required to find that plaintiff could delay the running of the six-year statute of limitations indefinitely. Such was obviously not Congress' purpose in enacting 10 U.S.C. § 1552. The Supreme Court has on several occasions pointed out the

> hazards inherent in attempting to define for all purposes when a "cause of action"

first "accrues". Such words are to be "interpreted in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought."

*Crown Coat Front Co. v. United States,* *supra,* at 517, 87 S.Ct. at 1185.

The Court finds no inconsistency between 28 U.S.C. § 2401(a) and 10 U.S.C. §§ 1552 and 1553. 10 U.S.C. § 1553 provides that a request for review of a discharge to a review board in order to change the nature of the discharge must be made within 15 years after the discharge. 10 U.S.C. § 1552 provides for a period of three years from discovery of an "error" or "injustice" for the filing of a request with a board for the correction of military records. These statutes simply prescribe the time within which plaintiff was required to file his request to either the discharge review board or the AFBCMR. Once a final determination was made on plaintiff's claim by the AFBCMR, the statute of limitations period began to run.

Plaintiff's argument that he filed his fourth request for review with the AFBCMR based on *new evidence* and that the denial of this request began another six year period is also without merit. Plaintiff's claim, the "error" or "injustice" over which the AFBCMR has jurisdiction, has remained more or less the same since his discharge in 1964. New evidence does not rise to the level of a newly discovered "error" or "injustice", on which final administrative action would begin the running of another six-year period.

Defendant's motion, which is treated as one for summary judgment, is GRANTED, since plaintiff's claim is barred by the statute of limitations. The Court makes no determination as to the other grounds set out in defendant's motion.