LUAFATU MATAIPULE and PATIOLA MATAIPULE, Plaintiffs

v.

TIFAIMOANA PARTNERSHIP, LTD., a partnership;
JOSEPH ROMALHO; MICHAELANGELO FISHING
COMPANY, INC., a corporation; AMERICAN SAMOA
GOVERNMENT; SAMOA PACKING COMPANY, INC., a
corporation; CINDY ANN JOINT VENTURE; PHILIP HALL;
MARIO ZEC; and DOES 1 - 40, Defendants

High Court of American Samoa
Trial Division

CA No. 34-89

March 21, 1990

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and
MATA'UTIA, Associate Judge.

100

Counsel: For Plaintiffs, John L. Ward II
For Defendant American Samoa Government, Richard D. Lerner, Assistant Attorney General
For Defendant Samoa Packing Company, Lyle Richmond
For Defendant Manufacturer's Hanover Trust, Robert A. Dennison III
For Defendant Mario Zec, William H. Reardon

On Motion to Dismiss:

### Introduction

Plaintiff Luafatu Mataipule was injured on April 1, 1987. He seeks damages against a number of defendants including the American Samoa Government (hereinafter "A.S.G"). For tort actions against A.S.G., the Government Tort Liability Act provides for a two year statute of limitations. *See* A.S.C.A. § 43.1204. Almost two years after he was injured, plaintiff filed an administrative claim with the Attorney General on March 14, 1989, and then filed this action on March 31, 1989, obviously with the intention of initiating his claim before the applicable limitations period expired. The Attorney General did not deny the claim until May 2, 1989.

A.S.G. moves to dismiss contending that this Court lacks jurisdiction. As a prerequisite to jurisdiction, the American Samoan statutory scheme requires that a prerequisite administrative claim be made and either denied or ignored for three months, at which time it is deemed denied. A.S.C.A. § 43.1205(a), *Faoato v. American Samoa Government*, unreported, CA NO. 036-79 (1979); *Gobrait v. Americana Hotels, Inc.*, unreported, CA NO. 012-78 (1978). The federal courts have likewise held under the similar Federal Tort Claims Act. *Goulding v. U.S.*, 488 F. Supp. 755 (D. Ariz. 1980); *Industrial Indemnity Co. v. U.S.*, 504 F. Supp. 394 (E.D. Ca. 1980).

Thus, unless plaintiff's claim has either been denied or three months have elapsed since it was submitted, this Court is without jurisdiction to consider the matter. As this seems to be the case here, it would appear at first blush that the A.S.G.'s motion to dismiss should be granted.

*Discussion*

However, this poses rather than answers the real question here: whether plaintiff may refile or whether he is barred by the applicable statute of limitations, A.S.C.A. § 43.1204. A.S.G. seeks to force plaintiff onto the horns of an impossible dilemma because of his having waited to file his administrative claim within three months before the statute of limitations lapsed. A.S.G.'s argument is as follows: because plaintiff was required, as a prerequisite to the Court's jurisdiction, to file an administrative claim which must either be denied or not disposed of within three months, therefore subject matter jurisdiction would have been conferred on the Court if and only if A.S.G. chose to deny the claim before the statute of limitations expired. Otherwise, if the plaintiff filed his complaint before the statute of limitations expired (and without having had his claim denied), the Court would be without jurisdiction because the administrative remedies had not been exhausted. On the other hand, if the plaintiff waited until three months had passed since filing his administrative claim, the statute of limitations and his claim would have lapsed. As counsel for plaintiff points out, this effectively reduces the two year statute of limitations by three months. Because of this seemingly odd effect on the statute of limitations, further review is merited.

An analysis of the statute of limitations' role in the current matter entails the examination of two questions. First, when did the statute begin to run? Second, if the statute of limitations began to run at the date of injury, did the plaintiff act in a manner sufficient to toll the statute?

### A. Accrual of the Cause of Action

A.S.C.A. § 43.1204 reads "[a] tort action against the government shall be forever barred unless an action on it is begun within two years after the claim accrues." The question, then, is when did the cause of action accrue? The rule has been generally stated:

> [w]here a statute or rule of common law requires the presentation of a claim and prohibits the suit until a stated time after presentation, or until the claim has been rejected, it would logically follow that there is no cause of action and that the limitation period does not begin to run until the claim has been rejected or the period allowed for official action has expired.

102

51 Am. Jur. 2d *Limitation of Actions* § 115 (1970). *See also* Annotation, *Limitation Period as Affected by Requirement of Notice of Presentation of Claim Against Government Body*, 3 A.L.R. 2d 711, 716 (1949).[1]

Courts have applied this rule. For example, in *City of Taylor v. Hodges*, 186 S.W.2d 61, 63-64 (Tex. 1945), the city sued a county to recover certain fees which were paid over a two year period beginning July 1, 1941. Suit was filed in October 1943, and so at least part of the claim was arguably barred by the two year statute of limitations. The Supreme Court of Texas rejected this view and noted that under a pertinent statute suit could not be brought until the claim made to the county had been rejected. This claim was not rejected until 1943, a short time before the suit was filed. *Id.* at 63-64. "At that time the right of the City to sue accrued and limitation began to run from that date." *Id.* at 64. In this case no question of laches in the filing of the claim was presented. Similarly, in *Bethke v. Stetson*, 521 F. Supp. 488 (N.D. Ga. 1979), a former Air Force man who was discharged in 1964 brought five successive and unsuccessful actions seeking reinstatement and back pay. Each was denied, and this suit finally resulted. The second application was made and denied in 1967.[2] The third application, which sought reconsideration of the second, was made and denied in 1969. The statute of limitations for this suit against the United States was six years. *Id.* at 489. Suit was filed in 1978. The defendant argued that the statute of limitation ran from the date of discharge. The plaintiff contended, and the Court agreed, that the statute of limitations began to run only after the plaintiff had exhausted his administrative remedies, as required. *Id.* at 490. The Court then found that the administrative remedies had been exhausted, and so the cause of action had accrued in either December

---

[1]
> As a general rule the statute of limitations does not begin to run until the claimant has a cause of action, and a claimant has no cause of action until he is free to bring suit on his claim. If, therefore, the law prevents one from bringing suit, the general rule is that his cause of action has not accrued, and that it will not accrue, and that the statute of limitations will not begin to run, until he can bring suit.

3 A.L.R.2d at 716.

[2] The first is referred to as having been made on "January 22, 1975"; this is apparently a typographical error. The correct date must of course be pre-1967, and is probably 1965. This error is irrelevant to the court's holding, which was based on the dates of the subsequent applications.

1967 or February 1968. Because this was over six years prior to the filing of the suit, the action was barred. The Court's selection of the date of accrual was influenced by when the plaintiff *could* have brought his action in court. The Court did not address and did not seem troubled by the fact that at least three years passed after the discharge before the statute of limitations even began to run.

In *Crown Coat Front v. United States*, 386 U.S. 503 (1967), a dispute arose out of a government contract which contained a disputes clause requiring certain procedures in this event. The government tested and rejected certain materials that the contractor was using, and the contract price was subsequently re-negotiated. Some three years later, the contractor was informed of the nature of the government's tests, which effectively changed the contract specifications, and began pursuing the available administrative remedies. The first claim was filed within the six year statute of limitations provided by 28 U.S.C. § 2401(a).[3] After denial of the claim, and more than six years after the contract performance, the contractor brought suit. At issue was when the right of action accrued. The Court held that the "right of action" of which § 2401(a) speaks is not the right to administrative action, but the right to file a civil action in court. *Id.* at 511. The Court noted that no recourse to the courts was available until the administrative procedures had been exhausted. *Id.* at 511-12. The Court held that the cause of action accrued when the administrative claim was denied and that the suit had been timely filed, although it had been filed more than six years after the performance of the contract.

The court in *Wade v. Jackson County*, 547 S.W.2d 371 (Tex. Civ. App. 1977), also followed this rule, noting that "under the general rule, limitations begins to run when the cause of action accrues, and by "cause of action" is meant the right to institute suit. The right to institute suit . . . does not accrue until the claim has been rejected . . . ." *Id.* at 373-74 (citations omitted).

Two Supreme Court decisions reaching contrary results are distinguishable. *McMahon v. United States*, 342 U.S. 25 (1951), involved an action by an injured seaman against the United States for negligence and unseaworthiness. It was brought under the Suits In Admiralty Act, which required the action to be brought within two years

---

[3]   28 U.S.C. § 2401(a) reads "every civil action . . . shall be barred unless the complaint is filed within six years after the right of action first accrues."

after "the cause of action arises." In deciding whether this meant the date of injury or the date of the disallowance of the claim, the Court held that it here meant the date of injury. The Court relied on the language of the Suits In Admiralty Act, which was enacted before suits on disallowed claims such as the one in issue were authorized, and on the fact that when the right to sue was broadened to include this type of claim, there was no indication of any change in the older Act's limitation period. The Court also noted that statutes waiving immunity of the sovereign are strictly construed. The Court here retained its earlier interpretation of this language and did not freshly construe it in light of the new type of suits which could now be brought before it. There is no such previous interpretation here in American Samoa. In *Soriano v. United States*, 352 U.S. 270 (1957), the plaintiff was seeking just compensation for the requisitioning of certain material by Philippine guerilla forces during World War II. Plaintiff's claim would have been barred by the six year statute of limitations unless it began to run after the exhaustion of administrative remedies. The Court held the claim to be barred. The Court also held that the exhaustion of administrative remedies was not a prerequisite to jurisdiction and noted that at the time of this decision the Court of Claims had abandoned the rule that this type of claim should first be asserted against the appropriate administrative agency. *Id.* at 310 n.6. This case is thus very different from the one at bar, in which the exhaustion of administrative remedies is a jurisdictional prerequisite.

An obvious concern with the general rule above is that it may sidestep the purpose of the statute of limitations and allow the prospective plaintiff to wait as long as he wishes before beginning to pursue his administrative claims. This concern must be answered by the doctrine of laches. As a general proposition, "[i]f the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of that act." 51 Am. Jur. 2d *Limitation of Actions* § 111 (1970). The court in *Wade v. Jackson County*, 547 S.W.2d 371 (Tex. Civ. App. 1977), noted that in applying the doctrine of laches the limitation period is often applied by analogy. *Id.* at 375. In this case, because the claim was made within the two year limitation period, laches would not seem to bar the plaintiff's action.

105

## B.   Tolling of the Statute

This portion of the discussion assumes that the limitations period began running on the date of injury. The statute of limitations requires that a "tort action against the A.S.G. shall be forever barred unless an action on it is *begun* within two years after the claim accrues." A.S.C.A. § 43.1204 (emphasis added). Either of two events might have "begun" the action and so tolled the statute. While the filing of the complaint within the two year period would ordinarily be enough to commence the action and toll the statute of limitations under T.C.R.C.P. Rule 3, in this case that filing did not invoke the Court's jurisdiction and thus may have been incapable of tolling the statute. Alternatively, the claim to the Attorney General may have done this, as in *Walley v. United States*, 366 F. Supp. 268 (E.D. Pa. 1973), where the plaintiff was involved in a collision with a post office vehicle. The court noted that under the Federal Tort Claims Act, the plaintiff could not sue in court until a claim had been presented to the appropriate federal agency and either denied or not disposed of within six months. The accident in this case occurred on June 30, 1971. Plaintiff filed a claim on February 6, 1973. Although no response from the post office had been obtained and the six months had not yet elapsed, the suit was filed on June 21, 1973, in order to prevent the claim from being barred by the statute of limitations. The two year statute of limitation specified in 28 U.S.C. § 2401(b)[4] was applicable in this case. The court dismissed this case for lack of subject matter jurisdiction, noting that without a specific rejection of his claim, the plaintiff could not properly bring suit until August 6, 1973. The court avoided a potentially harsh result by holding that plaintiff's claim to the post office on February 6, 1973, was a claim sufficient to toll the statute of limitations, and so the plaintiff was free to refile his action. The court noted that the Tort Claims Act provided that a claim against the United States would be barred unless a claim was filed with the appropriate federal agency within two years of the tort. Thus the wording of the statute allowed the court to reach this result, since it specifically provided that filing with the appropriate agency would toll the statute.

---

[4]   28 U.S.C. § 2401(b) reads "a tort claim . . . shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim."

*Conclusion*

Granting A.S.G.'s motion to dismiss would place form above function. If the dismissal were granted, the plaintiff would be free to refile as soon as he could get the necessary papers to the clerk's counter, because the court's jurisdiction was perfected with the May 2, 1989, denial of the claim. While requiring a dismissal and refiling might be the technically correct response, it would be a needless and wasteful exercise. In *McCormick v. Cooley*, 458 F. Supp. 776 (1978), the United States made the same motion the A.S.G. makes here, because the requisite time period had not elapsed at the time the complaint was filed. However, at the time the court was considering this motion, the six months required by the statute had elapsed, and no final disposition of the claim had been made. The court ruled that although a jurisdictional defect had been present, that defect had been cured and there was no need for the plaintiffs to refile. *See also Campbell v. United States*, 534 F. Supp. 762 (D. Haw. 1982).

While a jurisdictional defect was present when this suit was originally filed, that defect was cured by the denial of the claim. As noted above, the limitations period did not begin to run until the date of this denial. Therefore the defendant A.S.G.'s motion to dismiss will be denied.

It is so Ordered.