LUAFATA MATAIPULE and PATIOLA MATAIPULE, Plaintiffs

v.

TIFAIMOANA PARTNERSHIPS, LTD. a partnership;
JOSEPH ROMALO; MICHELANGELO FISHING COMPANY,
INC., a corporation; AMERICAN SAMOA GOVERNMENT;
SAMOA PACKING COMPANY, INC., a corporation;
CINDY ANN JOINT VENTURE; PHILIP HALL;
MARIO ZEC; and DOES 1-40, Defendants

High Court of American Samoa
Trial Division

CA No. 34-89

August 7, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiffs, John L. Ward II
For Defendant Tifaimoana, Robert A. Dennison III
For Defendant American Samoa Government, Richard D. Lerner
For Defendant Samoa Packing, Lyle L. Richmond
For Defendant Zec, William H. Reardon

On Motion to Reconsider:

*Factual Background*

To recapitulate, plaintiffs filed a tort action against a number of defendants, including the American Samoa Government (hereafter the "government"). A tort claim against the government is regulated by the Government Tort Liability Act, A.S.C.A. §§ 43.1201 et seq., (hereafter the "G.T.L.A."). Before the government can be sued in tort, an administrative claim must be first pursued with the Attorney General, and in accordance with regulations established by the Governor, the Attorney General is empowered to settle such claims. If, however, the Attorney General denies or fails to settle the claim within three months of its filing, suit may then ensue. A.S.C.A. § 43.1205. The administrative claim is a jurisdictional prerequisite to suit against the government. *Faoato v. A.S.G.*, CA 036-79 (1979); *Gcbrait v. Americana Hotels, Inc.*, CA 012-78 (1978). The G.T.L.A. also provides for a two year statute of limitations.[1]

In this matter, plaintiffs had filed an administrative claim within the two year period immediately following the date of plaintiff Luafata's injury, but at a time when less than three months of that two year period remained. Although plaintiffs had urged for a prompt response to their administrative claim, the Attorney General did not deny their claim until the two year period following the injury had lapsed. However, prior to

---

[1]    A.S.C.A. § 43.1204 provides: "[a] tort claim against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues."

49

that lapse in time, plaintiffs also filed a complaint with the court while awaiting the outcome of the administrative proceeding.

The government moved to dismiss the complaint. As far as the government is concerned, the G.T.L.A.'s limitation period began to run when plaintiff Luafata was injured, and thus plaintiffs have found themselves between the proverbial rock and a hard place because of the delayed filing of their administrative claim. The submission appears to be as follows: the government was free to take three months to consider the claim, by which time the limitations period would have expired; plaintiff could not file suit before denial of the claim as the court would be without jurisdiction; therefore, plaintiff's claim is time barred.

We denied the motion on the grounds: (a) that the limitations period did not begin to run until the administrative remedies were exhausted; and (b) that plaintiffs' actions were sufficient to toll the statute of limitations and that any jurisdictional defect which may have existed when the suit was filed had since been cured.

### Discussion

The problem before us stems from an apparent conflict between A.S.C.A. § 43.1204, which sets forth a two year statute of limitations, and A.S.C.A. § 43.1205, which allows the Attorney General three months to consider the administrative claim which must be filed before suit may be instigated. The government's position effectively implies that the limitations period is not always two years but that in certain cases, it is one year and nine months. Less palatable is the suggestion that the government has, in such cases, the unfettered discretion to determine whether the limitations period is in fact two years or one year and nine months, and that, therefore, an aggrieved individual's statutorily created remedy may either be preserved or frustrated at the option of the Attorney General. This cannot be the G.T.L.A.'s net effect.

We look at our earlier analysis again by first examining when the claim accrued and the limitations period began running, and, secondly, whether the filing of the administrative claim was sufficient to toll the statute, assuming it began running on the date of injury.

### I. Claim Accrual

The government contends that our earlier analysis was mistakenly based on the accrual of the "cause of action" when instead it

should have been premised on the accrual of the "claim."[2] Our use of the terms "cause of action" and "claim" was interchangeable; such usage is not unfamiliar. "Claim" has been defined as "cause of action" where a statute gave persons with claims against the state a right of action in court against the state. *Riddoch v. State*, 123 P. 450 (Wash. 1912); *see also State v. Superior Court for King County*, 46 P.2d 1046 (Wash. 1935); *State v. Peterson*, 88 P.2d 842 (Wash. 1939); *Systems Amusement, Inc. v. State*, 500 P.2d 1253 (Wash. 1972). "Claim" was construed as "synonymous with 'cause of action'" in the context of statutes allowing amendments which do not substantially change the claim. *Ellis v. Flaherty*, 70 P. 586, 587 (Kan. 1902); *see also Smock v. Carter*, 50 P. 262 (Okla. 1897); *Loretto Literary & Benevolent Society v. Garcia*, 136 P. 858 (N.M. 1913). Claim has also been construed to mean cause of action in the context of statutes requiring claim holders to make demands on an estate administrator before maintaining an action, *F.T. Crowe & Co. v. Adkinson Construction Co.*, 121 P. 841 (Wash. 1912), and where claims upon estate administrators were required within one year of published notice to prevent the lapsing of the claim. *Newbery v. Wilkinson*, 190 F. 62 (E.D. Wash. 1911). *See also Barto v. Stewart*, 59 P. 480 (Wash. 1899). Finally, Black's Law Dictionary lists "cause of action" as a definition of "claim." Black's Law Dictionary 224 (5th ed. 1979). While these cases do not address the exact situation before this court, they illustrate the broad definition of claim. This is not to say that claim accrual cannot be defined to occur at the time of injury.[3] We turn now to examine statutes similar to A.S.C.A. §

---

[2] The government correctly points out that the GTLA was "misquoted" by the court. A.S.C.A. § 43.1204 reads "[a] tort *claim* against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues," (emphasis added), whereas our rendition of it began "[a] tort *action* against the government . . . ." Our substitution here of "action" for "claim" is unfortunate as it has obviously distracted attention from our examination of the statute.

[3] The government cites two American Samoa cases for this proposition. In *Utu v. National Pacific Insurance Co.*, 9 A.S.R.2d 88 (1988), the court apparently considered the claim to have accrued at the time of the *filing* of the administrative claim with the Attorney General, although the court may have been extending every possible benefit of the doubt to the plaintiff, since his cause of action was barred anyway. This case lends little support to the government's position on the time of claim accrual; neither does it confront the specific issue before us here. The other case cited, *Vai Ah Mai v. A.S.G.*, 11 A.S.R.2d 133 (1989), discusses the accrual of a claim in a malpractice context, where a plaintiff may not even be *aware* of an injury for some time after it occurred. Neither case is particularly helpful in this situation involving tension between the statute of limitations and the mandatory administrative review provisions.

51

43.1204, satisfied that our usage of "claim" is in conformity with at least one of its general meanings.

The statute textually most similar to A.S.C.A. § 43.1204 appears to be the pre-1966 version of 28 U.S.C. § 2401(b),[4] which sets forth the statute of limitations for tort claims against the government under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (hereafter the "F.T.C.A."). This provision read "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues . . . ." In comparison, A.S.C.A. § 43.1204 reads "[a] tort claim against the government shall be forever barred unless an action on it is begun within two years after the claim accrues." The two provisions are substantially identical.[5] Considering this version of the F.T.C.A., the court in *Tessier v. U.S.*, 269 F.2d 305 (1st Cir. 1959), noted that "it is too clear for argument that a claim accrues when it may be made the basis of a judicial action." Id. at 309.[6] The court in *Beech v. U.S.*, 345 F.2d 872 (5th Cir. 1965), focused its discussion on when the "cause of action" accrued, although the statute speaks of claim accrual. These decisions support our construction of claim accrual as occurring when the administrative remedies are exhausted. Unlike our statute and the modern F.T.C.A., the pre-1966 scheme did not require the filing of an administrative claim as an absolute jurisdictional prerequisite to suit. *See Katzer v. U.S.*, 342 F. Supp 1088 (D.C. Wis. 1972); *Powers v. U.S.*, 390 F.2d 602 (9th Cir. 1968).

In contrast, the current version of 28 U.S.C. § 2401(b) reads "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date . . . of notice of final denial . . . ." The language of the statute itself clearly distinguishes between "claims" and "actions," and assigns a different limitations period to each. A situation such as that before this court could not arise under 28 U.S.C. § 2401(b), which seems to have been carefully drafted to avoid just such a conundrum. Indeed, cases construing this provision have held the claim to accrue at the time of the

---

[4]     A.S.C.A. § 43.1204 was enacted in 1967.

[5]     The federal statute contained additional language not quoted here which granted, in certain cases, the option of filing an administrative claim.

[6]     In this case, the claim was held to accrue at the time of injury; there was no requirement that an administrative claim be filed before bringing suit.

injury. *See, e.g., Miller v. U.S.*, 418 F. Supp 373 (D.C. Minn. 1976). However, the cause of action accrues when the plaintiff can first seek relief in court--that is, when the administrative remedies are exhausted. *Bellamy v. U.S.*, 448 F. Supp. 790 (S.D. Tex. 1978). This dichotomy is logical in light of the clearly delineated distinction between claims and actions. In contrast, under the American Samoa scheme, the term claim must do double duty, since administrative review is required but the statute does not distinguish between claims and actions.

We next consider 28 U.S.C. § 2401(a), which applies to civil actions and is structurally similar to the American Samoa statute. It reads, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Section 2401(a) is similar to our statute in that it sets a single limitations period. It has been held that this statute of limitation does not begin to run until the necessary administrative claims have been denied. *See, e.g., Bethke v. Stetson*, 521 F. Supp. 488 (N.D. Ga. 1979); *Crown Coat Front v. U.S.*, 386 U.S. 503 (1967). This is a general rule where administrative claims are required. *See* 51 Am. Jur.2d *Limitation of Actions* § 115 at 686 (1970); Annotation, *Limitations Period as Affected by Requirement of Notice of Presentation of Claim against Government Body,* 3 A.L.R. 711, 716 (1949).

It is true that, in many cases holding that the § 2401(a) limitations period begins to run only when the claim has been administratively denied, other statutes independently limited the time available to pursue the claim, as § 2401(a) contains no such limit. *See, e.g., Dougherty v. U.S. Navy Bd. For Correction of Naval Records*, 784 F.2d 499 (5th Cir. 1985); *Geyen v. Marsh*, 775 F.2d 1303 (3d Cir. 1986); *Bethke v. Stetson, supra.* Because American Samoa has no statute which would independently limit the time available for administrative review, the government contends that our decision in effect eliminates the statute of limitations and allows a plaintiff to dawdle indefinitely before seeking an administrative remedy. This is a legitimate concern, but it alone does not necessitate a finding that the claim accrued at the time of injury. In other situations where a prerequisite administrative demand has been required, courts have held that a plaintiff cannot indefinitely postpone the pursuit of the administrative remedy:

> [W]hen the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot

53

> suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and . . . if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time.

*Valvo v. University of Southern California*, 136 Cal. Rptr. 865, 869 (App. 1977); *see also Leahey v. Dept. of Water & Power*, 173 P.2d 69 (Cal. App.1946); *Scates v. State*, 383 N.E.2d 491 (Ind. App. 1978); *Hamrick v. Indianapolis Humane Society, Inc.*, 174 F. Supp. 403, 409 (S.D. Ind. 1959); *see generally* Annotation, *Limitations Period as Affected by Requirement of Notice of Presentation of Claim against Government Body*, 3 A.L.R.2d 711, 721 (1949); 51 Am. Jur. 2d, *supra* at § 111. Other courts have referred to the doctrine of laches in this situation. *Wade v. Jackson County*, 547 S.W.2d 371 (Tex. App. 1977); *Jackson v. Tom Green County*, 208 S.W.2d 115 (Tex. App. 1948). These courts are all applying the same principle, although some of them do not use the word "laches."

Finally, we turn to the government's contention that even if claim has the meaning we have given it, it should accrue at the time of injury. The government contends that of the cases discussed in our previous opinion, only *McMahon v. U.S.*, 342 U.S. 25 (1951), construed a statutory scheme similar to that before us. We have already explained the structural similarities between our statute and its federal counterpart. *McMahon* is distinguishable from the case at bar. In *McMahon*, the Supreme Court considered the impact of the Clarification Act, 50 U.S.C. Appx. § 1291(a), on the Suits in Admiralty Act (hereinafter the S.I.A.A.) limitations period contained in 46 U.S.C. § 745. The S.I.A.A. provides that suits thereunder "may be brought only within 2 years after the cause of action arises." 46 U.S.C. Appx. § 745 (1987). Twenty-three years after the passage of the S.I.A.A., the Clarification Act extended to seamen employed on United States (and certain foreign) vessels the same rights with respect to certain claims as those enjoyed by seamen on privately owned American vessels. The Clarification Act gave such seamen the right to sue under the S.I.A.A., but before any claim would be enforced under the S.I.A.A., it must first have been administratively disallowed.

The Clarification Act thus added to the S.I.A.A. a new body of claims which required administrative disapproval as a prerequisite to suit. At the same time, the Clarification Act was silent on the question of the

54

applicable limitations period. The Court therefore inferred Congressional intent to adhere to the previous rule that the cause of action accrued at the time of injury. Before the Clarification Act, all causes of action under the S.I.A.A. naturally arose at the time of injury since suit could immediately be brought. No prerequisite administrative proceedings were required. Congress' failure to add any new provision in regard to the statute of limitation was the basis of the Court's holding that the cause of action accrued at the time of injury.

The *McMahon* holding thus clearly relied on a factual and historical context not present here, and merely extends a rule developed for dealing with situations free of administrative claims to situations where administrative claims are required, on the basis of Congress' failure to otherwise specify.

In sum, having considered the definition of claim, the two versions of 28 U.S.C. § 2401(b), and 28 U.S.C. § 2401(a), we hold that for the purposes of A.S.C.A. § 43.1204 a claim accrues when the administrative claim is denied. This imparts a certain duality to the term "claim"; an administrative "claim" is different from the "claim" which accrues to begin the running of the limitations period. But this is not outside the boundaries of the definition of "claim." As drawn, the statutes are in conflict; there is more latitude for judicial interpretation of the term "claim" than there is for construction of the term "two years" to mean one year and nine months. Such a rule imposes no liability on the government; it merely allows the plaintiff to have his day in court. Also, through either laches or a judicially imposed prohibition on unreasonable delay in seeking administrative review, the infinite extension of the limitations period is easily avoided. While this approach may pose certain difficulties, it is nevertheless preferable to the mauling of the statute proposed by the government.

The G.T.L.A. is apparently wanting and requires fixing, but that is a task constitutionally assigned to the Fono. Congress has clarified the enactments dealing with government tort liability at the federal level. The G.T.L.A. only partially reflects its federal counterpart in that the imposition of an administrative review requirement was not accompanied by a corresponding change in the limitations period. The territorial situation is thus unique and, therefore, the federal experience as explained by the federal courts is not directly apposite for purposes of interpreting the G.T.L.A.

## II. Tolling

We previously held that the filing of an administrative claim was sufficient to toll the statute of limitations.[7] A.S.C.A. § 43.1204 requires a tort action to begin within two years of the claim accrual. We declined to decide whether the filing of a complaint which failed to invoke the court's jurisdiction was sufficient to toll the statute.[8] The administrative claim was required by statute as part and parcel of the plaintiff's remedial course, which would culminate in a lawsuit upon an unfavorable administrative decision. We hold that filing the claim with the Attorney General constituted beginning an action within A.S.C.A. § 43.1204, as the administrative claim was not an independent action but was the first and mandatory step in the plaintiff's recourse to the courts.

We are not persuaded by the government's citation of *Smith v. U.S.*, 873 F.2d 218 (9th Cir. 1989), which held that filing a claim does not toll the statute of limitation under the Suits in Admiralty Act. The S.I.A.A. states that "*[s]uits* as herein authorized may be *brought* only within two years after the cause of action arises . . . ." 46 U.S.C. Appx. § 745 (1987) (emphasis added). In contrast, American Samoa's statute requires only that an "action begin." At least when it is a statutorily required precursor to a lawsuit, the filing of an administrative claim satisfies the American Samoa standard of "beginning an action," although it may not meet the S.I.A.A. requirement of "bringing a suit." In any case, the S.I.A.A. is not controlling on this question. Statutes of limitation have been viewed as being tolled while administrative review was sought. *Valvo v. University of Southern California, supra; see also Walley v. U.S.*, 366 F. Supp. 286 (E.D. Pa.) (statute allowed tolling).

The motion to reconsider is denied.

It is so Ordered.

---

[7] This portion of the discussion assumes that the statute of limitations began running at the time of injury.

[8] In this case, the plaintiff filed the complaint before the limitations period expired (and before the administrative denial) in an attempt to toll the statute of limitations.